

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO.** _____

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF NON-JURY**

**Clyde L. Younger**,
Plaintiff, Pro se
v.
**Donald J. Trump**, in his official capacity as President of the United States, et al.,
Defendants.

Robert F. Kennedy, Jr.
Secretary of Health and Human Services

Linda McMahon
Secretary of Education

Russell Vought
Director of the Office of Management and Budget

Scott Turner
Secretary of Housing and Urban Development

Scott Kuper
Director of the Office of Personnel Management

## I. INTRODUCTION

Plaintiff anticipates that Defendants may seek dismissal of this action as frivolous or lacking in justiciability. This complaint, however, is grounded in constitutional injury, historical precedent, and ongoing federal policy that actively displaces Black civic identity under the guise of equity. The claims herein are neither speculative nor symbolic—they assert specific harm traceable to federal actions that dismantled Black-led institutions and reclassified Black Americans into generalized diversity frameworks, denying targeted remedy and civic restoration. This action seeks declaratory and injunctive relief to restore constitutional protections and halt further displacement.

These harms are not abstract—they are lived, measurable, and historically rooted. What follows is a narrative of civic erasure and institutional dismantlement, carried out under federal authority

1

and masked by the language of inclusion. The Plaintiff brings this action not to challenge diversity itself, but to restore the constitutional standing of a people whose civic identity has been overwritten.

Black Americans, as a distinct civic class, have endured centuries of exclusion, exploitation, and displacement—followed by a brief era of federally recognized remedy. That remedy has now been quietly dismantled. Under the banner of "DEI" (Diversity, Equity, and Inclusion), federal agencies have reclassified Black Americans as one of many "diverse populations," stripping away the constitutional specificity that once anchored remedy and recognition. This reclassification is not benign—it has weakened access to academia, accessible hospitals and other health services, housing, and civic institutions, all without due process or public remedy.

The Plaintiff, representing a class of similarly situated individuals, seeks to restore the constitutional clarity that once protected Black civic identity. This action is not symbolic. It is a demand for recognition, restoration, and remedy—anchored in the Equal Protection Clause, the First and Fifth Amendments, and the historical record of federal engagement with Black-led institutions. The Plaintiff asks this Court to declare the displacement unlawful, enjoin further misclassification, and affirm the constitutional standing of Black Americans as a distinct civic class entitled to targeted remedy.

Plaintiff Clyde L. Younger brings this action on behalf of Black Americans and all similarly situated citizens who have suffered constitutional harm from federal conduct that suppresses civic infrastructure, distorts historical truth, and transforms the Office of the President into a partisan platform. This complaint challenges the use of MAGA/Republican insignia during official presidential duties, the rollback of equity-based federal programs, and the symbolic exclusion of Black civic institutions.

These actions replicate patterns of historical disenfranchisement and violate the structural and substantive guarantees of the U.S. Constitution. Plaintiff seeks declaratory and injunctive relief to restore constitutional neutrality, equal protection, and civic access.

*If Black Americans win, all Americans win—because the Constitution will have done its job.*

## II. JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. §1331 and §1343.
Venue is proper in this District under 28 U.S.C. §1391 because Plaintiff resides in Massachusetts and substantial harm occurred here.

## III. PARTIES

Plaintiff:  Clyde L. Younger is a civic advocate and constitutional litigant residing in Watertown, MA.
Defendants include Donald J. Trump in his official capacity as President of the United States, et al.

2

# IV. CULTURAL DISPOSSESSION AND CONSTITUTIONAL INJURY TO BLACK AMERICANS

## A. Unique Civic Identity Rooted in U.S. Soil

Black Americans possess a distinct cultural and civic identity forged entirely within the United States. This identity emerged from the historical severance caused by slavery, which denied Black Americans the geographic continuity and ancestral inheritance retained by other ethnic groups. Unlike communities with ties to foreign homelands,

Black Americans have cultivated their cultural foundation solely on U.S. soil. The United States is not merely their nation of residence—it is the only homeland we have ever known.

## B. Governmental Suppression of Cultural Infrastructure

Federal actions challenged in this suit—including curriculum bans, museum defunding, and the restoration of Confederate monuments—constitute a direct assault on the civic infrastructure that sustains Black identity. These actions erase historical truth, delegitimize cultural institutions, and suppress the civic participation of Black Americans.

## C. Constitutional Injury

The suppression of Black civic infrastructure violates the First Amendment by engaging in viewpoint discrimination and chilling public expression. It violates the Equal Protection Clause by materially disadvantaging Black Americans in access to civic tools, historical representation, and institutional support. The injury is not symbolic—it is structural, ongoing, and irreparable without judicial intervention.

Plaintiff asserts that the suppression of Black civic infrastructure under the DEI umbrella is not protected by presidential immunity. It does not constitute a core constitutional power, nor is it a legitimate exercise of executive authority. As established in Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579 (1952), "The President's Power must stem either from an act of Congress or from the Constitution itself".

Executive actions that lack constitutional or statutory grounding are subject to judicial scrutiny. The conduct challenged here represents a misuse of public power for ideological ends and demands constitutional review.

# V. CLASS ALLEGATIONS

Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) on behalf of Black Americans and Black-led civic institutions harmed by federal suppression of cultural memory and civic infrastructure.

The class includes thousands of individuals across states with shared legal and factual questions regarding viewpoint discrimination, equal protection violations, and systemic exclusion.

Plaintiff's claims are typical, and he will fairly and adequately represent the class.

Defendants acted on grounds generally applicable to the class, warranting declaratory and injunctive relief.

## V-A. THE MAGA/REPUBLICAN RED CAP AS PARTISAN EMBLEM AND CONSTITUTIONAL BREACH

The red "Make America Great Again" cap is no longer a mere campaign accessory. It has become the merged insignia of the MAGA movement and the Republican Party, now indistinguishable in political practice, public perception, and institutional support.

Given that the Republican Party is one of only two nationally recognized political parties across all 50 states and Washington, D.C., this merger gives the MAGA/Republican red cap legal standing as a partisan identifier.

The use of this symbol during official presidential duties—such as White House press briefings, federal agency visits, and other executive functions—transforms the Office of the President into a vehicle for partisan messaging.

This constitutes state endorsement of a partisan platform, in direct conflict with the constitutional expectation of neutrality and unity. Under Article II, Section 1, the President is sworn to "preserve, protect and defend the Constitution of the United States." Leveraging the executive office to advance ideological branding undermines that oath and erodes the nonpartisan integrity of the presidency.

This conduct stands in direct contradiction to the civic ideal expressed in the Pledge of Allegiance:

"One Nation under God, indivisible, with liberty and justice for all."

Though not part of the Constitution, this phrase—added to the Pledge in 1954 by act of Congress at the urging of President Eisenhower—has become a civic litmus test for national unity. It affirms that our republic is not merely a collection of states or factions, but a moral and constitutional whole.

- "Under God" reflects a source of liberty beyond partisan control.
- "Indivisible" rejects the fragmentation of civic identity.
- "Liberty and justice for all" demands equal protection, not selective allegiance.

The MAGA/Republican red cap, when worn during official duties, signals:

- Divisibility of the nation by ideology.
- Selective justice based on partisan loyalty.
- Exclusion of marginalized communities, especially Black Americans, from the civic narrative.

4

Plaintiff asserts that this conduct:

- Violates the Presidential Oath by subordinating constitutional duty to partisan branding.
- Chills civic participation among those targeted by MAGA-aligned policies.
- Undermines the constitutional promise of unity, as expressed in both the Oath and the Pledge.

This is not protected campaign speech—it is governmental conduct, and it demands declaratory and injunctive relief.

## VI. FACTUAL ALLEGATIONS

- From January 20, 2025 onward, federal actions under Trump's leadership targeted Black civic institutions, including:

1. Federal agencies rolled back DEI programs, including Executive Order 13985 and Justice40 implementation.
2. Equity Action Plans were rescinded without notice or transparent criteria.
3. Defunding and delegitimizing Black cultural centers and civic institutions—including museums and educational archives—were defunded or reframed as "ideological threats."
4. These actions replicate historical patterns of exclusion rooted in Jim Crow governance.
5. Supporting curriculum bans that erase Black history.
6. Restoring Confederate monuments and symbols of racial subjugation.
7. These actions were coordinated through federal agencies and executive orders, resulting in systemic harm to Black Americans' civic participation, historical representation, and equal protection under law.

*"These actions echo the structural disenfranchisement long associated with Jim Crow governance."*

## VII. STATEMENT OF CONSTITUTIONAL HARM

1. The challenged actions violate the First Amendment through viewpoint discrimination and suppression of Black-led civic narratives.
2. It transforms the presidency into a partisan platform, undermining constitutional design by defunding and delegitimizing museums and cultural centers.
3. They violate the Equal Protection Clause by materially disadvantaging Black Americans' access to civic education and cultural infrastructure.

4. The harm is systemic, ongoing, and irreparable without judicial intervention.

5. The challenged conduct violates structural neutrality, equal protection, and due process.

6. It chills speech, suppresses civic infrastructure, and symbolically disenfranchises Black Americans.

"As the Court held in Romer v. Evans, 517 U.S. 620 (1966) that single out a class of citizens for disadvantage without a legitimate governmental interest violate the Equal Protection Clause."


## VIII. CAUSES OF ACTION

### CAUSE OF ACTION I

**Violation of Equal Protection and Civic Identity through Arbitrary DEI Classification**
(Under the Fifth and Fourteenth Amendments to the U.S. Constitution)

1. Plaintiff incorporates by reference all preceding paragraphs as is fully set forth herein.

**2.** The Defendant, acting under color of federal authority, has engaged in a pattern of conduct that arbitrarily classifies Black Americans under the umbrella of "Diversity, Equity, and Inclusion" (DEI), without regard to their distinct civic identity, historical experience, or constitutional status.

3. This classification is not neutral. It functions as a tool of cultural erasure, policy deflection, and institutional suppression—denying Black Americans the right to specific representation, remedy, and equal protection under law.

4. The Supreme Court's ruling in *Trump v. United States*, 602 U.S. ___ (2024), clarified that presidential immunity does not extend to acts that are not "official" in nature. As the Supreme Court held in Trump v. United States, 602 U.S. ___ (2024), "There is no immunity for unofficial acts." The challenged conduct—using partisan symbolism during official duties and suppressing Black civic infrastructure through ideologically driven DEI rollbacks—does not fall within the scope of core constitutional powers or legitimate executive authority. It is unofficial, unconstitutional, and subject to judicial review.

**The administration's DEI framework, as applied to Black Americans, is not an official act entitled to immunity.**

**The DEI framework is a political maneuver that:**

1. Collapses distinct racial and civic identities into a generic category.

2. Enables selective defunding of Black-led institutions.

6

3. Defendants suppress dissent and civic infrastructure by normalizing the erasure, reframing, and ideological rewriting of historical narratives that support their partisan agenda.

4. This practice undermines the cultural continuity of marginalized communities—especially Black Americans—and violates the constitutional guarantee of equal protection by weaponizing federal authority to distort civic memory and silence institutional autonomy.

**This conduct violates the Equal Protection Clause of the Fourteenth Amendment and the Due Process Clause of the Fifth Amendment by:**

1. Denying Black Americans', the right to be recognized as a distinct civic class from DEI.
2. Subjecting Black Americans to arbitrary and shifting policy standards.
3. Obscuring Black Americans' constitutional injuries behind race-neutral rhetoric.

**The Plaintiff seeks declaratory relief affirming that:**

1. Black Americans constitute a distinct civic class under U.S. constitutional law.
2. The DEI framework, as currently applied by the administration, constitutes unlawful inclusion and discrimination.
3. The administration's conduct is not protected by presidential immunity.
7. Plaintiff further seeks injunctive relief prohibiting the use of DEI categorization to suppress, defund, or misrepresent Black civic institutions, and requiring federal agencies to adopt classification standards that counter constitutional identity and historical harm.

**CAUSE OF ACTION II:   Violation of First Amendment Rights through DEI-Based Suppression of Black Civic Expression Under the U.S. Constitution.**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. The Defendant, acting under color of federal authority, has engaged in a pattern of conduct that suppresses the speech, cultural expression, and institutional autonomy of Black Americans by arbitrarily categorizing them under the "Diversity, Equity, and Inclusion" (DEI) framework.

3. This conduct includes:

- Defunding Black-led civic institutions under the guise of DEI consolidation.
- Replacing culturally specific programming with race-neutral or generalized DEI initiatives; thereby placing a systemic barrier to Black Americans' pursuit of the American dream.

- Silencing dissenting voices that challenge the DEI framework or demand targeted remedy.

**4.** The First Amendment guarantees the right to free speech, free association, and the preservation of cultural identity. These rights are especially critical for historically marginalized communities whose civic infrastructure has been repeatedly dismantled by state actors.

**5.** The administration's DEI policies function as a content-based restriction on speech and expression. They penalize Black-led institutions for asserting their distinct civic identity and for resisting assimilation into a generic DEI category.

**6.** In *Trump v. United States*, the Supreme Court held that presidential immunity does not extend to acts that violate constitutional protections. The Court emphasized that "the President is not above the law," and that immunity cannot shield conduct that infringes upon fundamental rights.

**7.** The Defendant's DEI-based suppression of Black civic expression is not an "official act" entitled to immunity. It is a misuse of executive power that:

- Targets a specific racial group for ideological containment
- Undermines the autonomy of Black civic institutions
- Chills constitutionally protected speech and cultural representation

**8.** Plaintiff seeks declaratory relief affirming that:

- Black Americans have a constitutionally protected right to distinct civic expression
- The DEI framework, as applied, constitutes unlawful viewpoint discrimination
- The administration's conduct is not protected by presidential immunity
8. Plaintiff further seeks injunctive relief prohibiting the use of DEI categorization to suppress Black-led speech, programming, or institutional autonomy, and requiring federal agencies to adopt policies that respect cultural specificity and constitutional identity.

## CAUSE OF ACTION III: Violation of Procedural and Substantive Due Process through Arbitrary DEI Inclusion and Enforcement.

1. "The rollback of DEI frameworks and exclusion of Black civic institutions constitutes a constitutional injury that echoes historical patterns of targeted disenfranchisement. As the Supreme Court recognized in Romer v. Evans, 517 U.S. 620 (1996), laws that single out a class of citizens for disadvantage without a legitimate governmental interest violate the Equal Protection Clause. Similarly, the suppression of culturally specific speech and symbolism triggers strict scrutiny under Reed v. Town of Gilbert, 576 U.S. 155 (2015), which holds that content-based regulation of speech is presumptively unconstitutional."

2. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

3. The Defendant, acting under color of federal authority, has engaged in a pattern of conduct that deprives Black Americans—and Black-led civic institutions—of liberty and property interests without due process of law.

**Specifically, the administration has:**

1. Reclassified Black civic programs under a generalized DEI framework without notice or public input.
2. Defunded or redirected resources from Black-led institutions without transparent criteria or remedy.
3. Suppressed institutional autonomy and cultural programming through vague DEI mandates.
4. The Fifth Amendment guarantees both procedural and substantive due process. Procedural due process requires notice, a meaningful opportunity to be heard, and transparent standards. Substantive due process prohibits arbitrary government action that infringes on fundamental rights.

**The administration's DEI enforcement violates both:**

1. Procedural Due Process: Black institutions are reclassified, defunded, or dissolved without notice, explanation, or opportunity to contest the action
2. Substantive Due Process: The DEI framework is applied in a manner that is arbitrary, ideologically driven, and disconnected from constitutional principles

**In *Trump v. United States*, the Supreme Court held that presidential immunity does not extend to acts that violate constitutional protections. The Court emphasized that immunity cannot shield conduct that infringes upon due process or equal protection.**

**The Defendant's DEI-based suppression of Black civic infrastructure is not an "official act" entitled to immunity. It is a misuse of executive power that:**

1. Denies Black Americans the right to institutional continuity and cultural autonomy.
2. Obscures constitutional harm behind race-neutral rhetoric.
3. Evades judicial scrutiny through vague and shifting policy language.

**Plaintiff seeks declaratory relief affirming that:**

1. Black-led civic institutions have a constitutionally protected interest in cultural autonomy and institutional continuity.
2. The DEI framework, as applied, constitutes a violation of procedural and substantive due process.

3. The administration's conduct is not protected by presidential immunity.

**Plaintiff further seeks injunctive relief requiring federal agencies to:**

1. Provide public notice and transparent criteria before reclassifying or defunding Black-led institutions.

2. Establish remedy pathways for institutions harmed by arbitrary DEI enforcement.

3. Implement funding standards that adhere to constitutional mandates and ensures consistent treatment of historically marginalized civic institutions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

**Declaratory Relief**

1. A declaration that Black Americans constitute a distinct civic class under U.S. constitutional law, entitled to specific representation and remedy.

2. A declaration that the administration's DEI framework, as applied to Black Americans, constitutes unlawful discrimination, viewpoint suppression, and arbitrary classification.

3. A declaration that the suppression, defunding, and reclassification of Black-led civic institutions under DEI is not an "official act" protected by presidential immunity under *Trump v. United States*, 602 U.S. ___ (2024).

4. "A declaration clarifying that federal use of the term Diversity, Equity and Inclusion must not function as a tool of cultural erasure, ideological containment or administrative deflection."

**B. Injunctive Relief**

1. An injunction prohibiting federal agencies from categorizing Black Americans under DEI without constitutional justification, historical specificity, and public transparency.

2. An injunction requiring federal agencies to restore funding, autonomy, and civic recognition to Black-led institutions harmed by arbitrary DEI enforcement.

3. An injunction mandating public notice, transparent criteria, and remedy pathways before any reclassification, defunding or suppression of Black civic infrastructure."

4. An injunction prohibiting the use of DEI mandates to silence dissent, suppress cultural programming, or collapse distinct civic identities into race-neutral categories.

10

### C. Structural Relief

1. The appointment of a constitutional monitor or independent review board to oversee federal DEI enforcement and ensure compliance with Equal Protection, Due Process, and First Amendment standards with authority to audit agency practices, issue compliance and recommend corrective action to the Court."
2. A requirement that all federal DEI policies be reviewed for racial impact, civic specificity, and constitutional alignment prior to implementation.

### D. Costs and Fees

1. An award of reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. § 1988 and other applicable law.

### E. Further Relief

1. Any other relief the Court deems just, equitable, and necessary to restore constitutional protections and civic autonomy to Black Americans.

## STATEMENT OF FACTS

### A. Historical Context and Civic Identity

Black Americans constitute a distinct civic class within the United States, forged entirely through domestic historical experience. Unlike immigrant communities, their identity is rooted in centuries of forced labor, legal exclusion, and civic dispossession—followed by generations of struggle for constitutional recognition and institutional autonomy.

### B. Misclassification and Discriminatory Inclusion Under DEI Policy

Plaintiff asserts that current federal policy—while publicly framed as inclusive—has in practice operated against the constitutional interests of Black Americans. Under the banner of Diversity, Equity, and Inclusion (DEI), Black civic identity has been misclassified, diluted, and displaced.

Rather than recognizing the unique historical, cultural, and constitutional standing of Black Americans, federal agencies have grouped them into broad "diversity" categories that obscure their distinct claims to remedy, representation, and institutional restoration.

### C. Systemic Undermining of Black-Led Institutions Through Federal Policy

Plaintiff asserts that federal policy has contributed to the erosion of Black-led civic institutions not merely through symbolic integration, but through sustained patterns of **underfunding, administrative displacement, and denial of targeted remedy**. Schools, hospitals, housing cooperatives, and cultural centers founded and led by Black Americans have been systematically weakened—often under the guise of modernization, efficiency, or equity—by policies that redirect resources away from these institutions while failing to preserve their civic function or cultural legacy.

Plaintiff further asserts that this pattern constitutes a violation of the Equal Protection Clause and the First Amendment, including:

- **Viewpoint discrimination** against Black-led civic models
- **Selective denial of public remedy** for historically targeted communities
- **Due process violations** through administrative erasure without notice, consent, or restitution

Black Americans do not seek symbolic inclusion in generalized diversity frameworks. They seek constitutional recognition of their distinct civic identity, restoration of dismantled institutions, and protection from policies that erase their legacy under the pretense of equity.

The Equal Protection Clause and First Amendment guarantee not only individual rights but the continuity of civic infrastructure for historically marginalized communities. Black-led institutions are not symbolic—they are constitutional anchors.

### Institutional Harm and Civic Suppression

As a result of these actions, Black-led institutions have suffered:

1. Abrupt defunding of cultural programs, educational initiatives, and health equity projects.
2. Reclassification under generic DEI categories, erasing their historical specificity and civic mission.
3. Loss of federal partnerships and contracting opportunities previously tied to equity mandates.
4. Chilling of speech and programming that assert distinct Black civic identity or challenge DEI consolidation.

**These harms are not incidental—they are the direct result of a federal framework that collapses centuries of civic injury of Black Americans into a race-neutral administrative label.**

**The administration's DEI rollback is not an "official act" entitled to immunity. It is a misuse of executive power that violates the Equal Protection Clause, the First Amendment, and the Due Process Clause by:**

1. Denying Black Americans, the right to institutional continuity.
2. Suppressing cultural expression and dissent.
3. Obscuring constitutional harm behind ideological rhetoric.

Respectfully submitted,

*[signature: Clyde L Younger]*

Clyde L. Younger,
Plaintiff, Pro Se
188 Acton Street
Watertown, MA 02472
clyde3721@comcast.net
Cell: 617-512-9477